UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARTIN SCHLESINGER | ) CIVIL ACTION NO.: |
| | ) |
| Plaintiff, | ) |
| | ) SECTION: |
| vs. | ) |
| | ) MAGISTRATE: |
| E S & H, INC., TEAM LABOR FORCE, LLC, | ) |
| O'BRIEN'S RESPONSE MANAGEMENT, | ) |
| INC., BP AMERICA, INC., AND RAYMOND | ) |
| PITTS, | ) |
| | ) |
| Defendants | ) |

## COMPLAINT

### INTRODUCTION

Plaintiff, Martin Schlesinger ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, E S & H, Inc., Team Labor Force, LLC, O'Brien's Response Management, Inc., BP America, Inc., and Raymond Pitts, (collectively "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq*., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b). Plaintiff also invokes supplemental jurisdiction of this court over Plaintiff's state law claims against Defendant pursuant to 28 U.S.C. §1367, as the common law claims form part of the same case or controversy arising from violations of Louisiana and Mississippi statutes.

## VENUE

3.     Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

4.     At all times material hereto, Plaintiff was, and continues to be a resident of LaPlace Louisiana.

5.     Upon information and belief, Defendant, E S & H, Inc. (hereinafter "ES&H") is a Louisiana corporation doing business in the State of Louisiana with its offices in Houma, Louisiana.

6.     Upon information and belief, Defendant, Team Labor Force, LLC. (hereinafter "TLF")  is a Louisiana company doing business in the State of Louisiana with its offices in Houma, Louisiana.

7.     Upon information and belief, Defendant, O'Brien's Response Management, Inc. (hereinafter "O'Brien's") is a Louisiana corporation doing business in the State of Louisiana with its offices in Slidell, Louisiana.

8.     Upon information and belief, Defendant, BP America, Inc. (hereinafter "BP") is a

2

Delaware corporation authorized to do, and doing business throughout the State of Louisiana.

9.    At all times relevant to this action, Raymond Pitts (hereinafter "Pitts") was a resident of the State of Alabama, an individual initially retained for employment by O'Brien's and that by virtue of their regularly exercised authority both O'Brien's and BP are employers of Pitts.

10.    By virtue of having regularly exercised the authority over Plaintiff, all entities listed as Defendants herein (hereinafter "Defendants"), are employers as defined by 29 U.S.C. 201 *et. seq.*

11.    At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

12.    At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

13.    At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

14.    At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

15.    Defendants were, and continue to be, "employers" within the meaning of FLSA.

16.    At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

17.    Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

18.   At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

19.   On or about May of 2010, Defendants through its agent, Defendant ES&H, hired Plaintiff in Houma, Louisiana. Plaintiff's duties primarily involved supervising worker safety at the Pascagoula, Mississippi, Deepwater Horizon oil spill clean-up command center.

20.   At various material times hereto, on approximately a weekly basis, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

21.   From at least May 1, 2010 and continuing until July, 2010 Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

22.   Defendants have violated Title 29 U.S.C. §207 from at least May 1, 2010 and continuing until July 2010, in that:

a.   Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

b.   No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

c.   Defendants have failed to maintain proper time records as mandated by the FLSA.

In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

23.    On July 3, 2010 Plaintiff attended a series of meetings wherein he received instructions that he was subject to and was made to follow BP's new "Non-Harassment" policy for all workers in Pascagoula, Mississippi.

24.    Among, the proclamations in the subject policy, BP demanded a prohibition on, among other activities, "creating a hostile or intimidating work environment."

25.    Strikingly, immediately following that meeting, in which the policy was implemented, Defendant Pitts, approached Plaintiff and committed an assault upon him, gesturing threateningly and screaming, which constituted threats that created in Plaintiff a reasonable apprehension of bodily harm or offensive contact.

26.    This assault was precipitated solely by Pitt's disregard for worker safety, and particularly Plaintiff's plan to provide portable toilet facilities for clean-up workers which Pitts perceived as interfering with his specified area of responsibility.

27.    Plaintiff was advised by a Pascagoula police officer that witnessed the assault that Plaintiff should file a report related to the criminal act with the Pascagoula Police Department, and Plaintiff expressed his intent to do so to one or more Defendants at the scene of the assault before he filed the report.

28.    Subsequent to these events of July 3, 2010, two or more of the Defendants herein conspired together to unlawfully terminate Plaintiff before Defendants informed Plaintiff that his employment was terminated at the Pascagoula, Mississippi location.

29.    The following day, after two or more of the Defendants herein discussed the events of the prior day, Defendant ES&H, through two of its agents, called Plaintiff to a meeting in

Lafourche Parish, Louisiana, and informed Plaintiff that if he removed the report with the Pascagoula Police Department against Pitts that was to trigger his impending arrest, that he would receive additional work, and that if he did not, he would be permanently terminated.

30.   Having succumbed to Defendants' undue pressure to act against his interests and rights under the law, Plaintiff begrudgingly asked that the report made to the Pascagoula Police Department be revoked.

31.   After the report of the criminal act was revoked, Defendants, through ES&H's sister company, TLF, supplied Plaintiff with token, less profitable, work, for a short amount of time until, in a continuing act of illegal conduct, Plaintiff was terminated again based on Plaintiff's cooperating with governmental authorities related to oil-spill clean up work.

32.   Plaintiff, upon learning that his full wages had not been paid by Defendants, made a formal demand to be paid his final wages; however, in a final act of retaliation, Defendants refused to pay the entirety of Plaintiff's earned salary during the time of his employment with Defendants.

<u>**CAUSES OF ACTION**</u>

33.   As a direct and proximate cause of the Defendant's acts, Plaintiff suffered the following, but not necessarily exclusive particulars:

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
<u>**OVERTIME COMPENSATION**</u>

34.   Plaintiff realleges and reavers paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.   From at least May 1, 2010 and continuing until July of 2010, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory

rate of one and one-half times Plaintiff's regular rate of pay.

36.  Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times of Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

37.  During his employment with Defendants, Plaintiff regularly worked hours in excess of forty (40) hours per week.

38.  At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

39.  Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

40.  Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

41.  Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

42.  Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

43.  At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by virtue of the management policy, plan or decision that intentionally provided for the compensation of Plaintiff as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

**COUNT II**
**FAILURE TO PAY FINAL WAGES**

44.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-43, inclusive.

45.     Plaintiff is entitled to the portion of his unpaid final wages he earned prior to his termination, and which were unrelated to Plaintiff's FLSA claims.

46.     Plaintiff, through undersigned counsel, made a formal demand upon Defendant ES&H, the entity which regularly issued his paychecks, on August 25, 2010 for payment of the above-referenced amount.   To date, Defendants has not paid the above-referenced amount and, therefore, pursuant to Louisiana Revised Statute 23:631 et seq., Plaintiff is entitled to 90 days penalty wages, attorney's fees, and court costs.

**COUNT III**
**RETALIATION/WHISTLEBLOWER CLAIMS**

47.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-46, inclusive.

48.     All or some of the Defendants' actions as set forth above constitute a violation of law in that they retaliated against Plaintiff in violation of La. R.S. 30:2027, among other ways, by retaliating against and terminating Plaintiff's employment because he opposed, objected to, and reported Defendant's practices of violating environmental state laws, rules and regulations.

49.     All or some of the Defendants' actions as set forth above constitute a violation of law in that they retaliated against Plaintiff in violation of La. R.S. 23:967, among other ways, by retaliating against and terminating Plaintiff's employment because he opposed, objected to, and reported Defendant's practices of violating state laws, rules and regulations.

50.     All or some of the Defendants' actions as set forth above constitute a violation of law in that they retaliated against Plaintiff in violation of the wrongful termination claims authorized by <u>McArn v. Allied Bruce-Terminix Co.</u>, Inc., 626 So.2d 603, 606 (Miss. 1993).

51.     Because Defendant has committed these acts of retaliation, it is liable unto Plaintiff for his wrongful termination, as well as compensatory damages, lost wages, benefits, reinstatement, attorney's fees, and court costs.

**COUNT IV**
**COMMON LAW/TORT CLAIMS**

52.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-51, inclusive.

53.     All or some of the Defendants' actions as set forth above constitute a violation of law in that they wrongfully terminated Plaintiff.

54.     All or some of the Defendants' actions as set forth above constitute a violation of law in that they perpetrated the civil tort of conspiracy which resulted in damage and injury to Plaintiff.

55.     All or some of the Defendants' actions as set forth above constitute a violation of law in that they perpetrated the civil tort of extortion which resulted in damage and injury to Plaintiff.

56.     All or some of the Defendants' actions as set forth above constitute a violation of law in that they perpetrated the civil tort of assault which resulted in damage and injury to Plaintiff.

57.     All or some of the Defendants' actions as set forth above constitute a violation of law in that they breached an employment contract with Plaintiff.

58.     All or some of the Defendants' actions as set forth above constitute a violation of law in that they negligently failed to enforce the "Non-Harassment Policy" which covered Plaintiff at all times relevant herein.

## COUNT V
## LIABILITY UNDER DOCTRINE OF *RESPONDEAT SUPERIOR*

59.  Plaintiff re-alleges and incorporates by reference Paragraphs 1-58, inclusive.

60.  At all times pertinent hereto, the individuals that interacted with Plaintiff were acting within their scope of employment with one or more Defendants and thus, under the doctrine of *respondeat superior,* each Defendant is liable for all violations under the law committed by its employees.

## ATTORNEY'S FEES

61.  Plaintiff has retained the law firm of J. Forester Jackson, LLC to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## CONSENT

62. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA Consent Form that is attached hereto as Exhibit "A".

## JURY DEMAND

63. Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.      Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.      Awarding Plaintiff overtime compensation in the amount due him for Plaintiff's time worked in excess of forty (40) hours per work week;

c.      Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

10

d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

e.    Awarding Plaintiff pre-judgment interest.

Plaintiff requests, as to all other counts, that this Court enter a judgment in favor of Plaintiff, Martin Schlesinger, and against all Defendants, and award damages for compensatory damages; for loss of earnings; for exemplary damages; punitive damages; past, present, and future lost wages and/or loss of earning capacity and/or employability; attorney's fees and costs; and all other appropriate relief as may be just and proper.

Respectfully Submitted,

**J. FORESTER JACKSON, L.L.C.**

/s/ Jody Forester Jackson
JODY FORESTER JACKSON (#28938), TA
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
Attorney for Plaintiff
Martin Schlesinger

**PLEASE SERVE:**

**RAYMOND PITTS**
6551 Browder Drive
Theodore, AL 36582

**PLAINTIFF WILL REQUEST WAIVER OF SERVICE BY OTHER DEFENDANTS**