```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

**MARTIN SCHLESINGER**          *          **CIVIL ACTION**
                                *
**VERSUS**                      *          **NO. 11-294**
                                *
**ES&H, INC., ET. AL.**         *          **SECTION "B"(2)**

## ORDER AND REASONS

Defendant Raymond Pitts' Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, (Rec. Doc. 16), is **DENIED**.

*Law and Analysis*

When resolving a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, a plaintiff must establish the court's jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). The plaintiff also bears the burden of establishing a prima facie case of jurisdiction over the defendant. *Johnson v. Multidata Sys. Int'l Corp.*, 523 F. 3d 602, 609 (5th Cir. 2008). A court must accept all factual allegations as true and resolve any conflicts in favor of the plaintiff. *Luv N' Care*, 438 F.3d at 469.

After resolving these facts in favor of the plaintiff, the court may then exercise jurisdiction over a nonresident defendant only if (1) the long-arm statute of the forum state confers personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction by the forum state is consistent with due process under the U.S. Constitution. *Seiferth*, 472 F.3d at 270.

Since the Louisiana long-arm statute[1] is co-extensive with the limits of constitutional due process, the court must decide whether the exercise of jurisdiction would offend the Due Process Clause of the Fourteenth Amendment. *Seatrepid La., LLC v. Richard Phillips Marine, Inc.*, 2009 U.S. Dist. LEXIS 46274, at *9 (E.D. La. May 14, 2009). A court may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). *International Shoe* requires that the plaintiff (1) establish that the defendant has minimum contacts with the forum state; and (2) after the minimum contacts have been established, prove that maintaining the suit would not offend notions of fair play and substantial justice. *Id.*

First, Respondent must establish that Movant had minimum contacts with Louisiana to justify exercising jurisdiction. The court must look at the "relationship between the defendant, the forum, and the litigation." *Calder*, 465 U.S. at 788 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). The Fifth Circuit elaborated on this standard stating, "the 'minimum contacts' prong, for specific jurisdiction purposes, is satisfied by

---

[1]The Louisiana long-arm statute states, "[i]n addition to the provisions of subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States." La. R.S. 13:3201(B)

2

actions, or just a single act, by which the nonresident defendant 'purposefully avails' itself of the privilege of conducting activity within the forum state, thus invoking the benefits and protections of its laws. The nonresident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court in the forum state.'" *Ruston Gas Turbines v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993). The Fifth Circuit further stated that a single act is sufficient to establish minimum contacts when the cause of action arises from the contact. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1172 (5th Cir. 1985).

In *Brown* the Fifth Circuit held that minimum contacts were established by the defendants placing a long-distance phone call from Indiana to Mississippi. *Brown* 688 F.2d at 333. The defendants purposefully availed themselves of the laws of Mississippi because they were aware the plaintiffs were residents of Mississippi and specifically shared information with the U.S. attorney in Mississippi to damage the plaintiffs in their home state. *Id.* The court in *Brown* stated in addition to foreseeable consequences, courts must consider the "quantity of contacts, and the course and connection of the cause of action with those contacts" to determine whether the defendant's actions constitute purposeful availment. *Id.*

In *Calder v. Jones*, the Supreme Court held that California's jurisdiction over the nonresident defendants was proper given the

3

defendants tortious actions because the "intentional conduct in Florida calculated to cause injury to respondent in California." *Calder*, 465 U.S. at 790.  In *Calder* the defendants wrote and published a defamatory article about the plaintiff, a California resident, which was widely circulated in California.  *Id.*  The Supreme Court upheld jurisdiction because the defendants "intentional, and allegedly tortious, actions were expressly aimed at California. Petitioner . . . wrote and . . . edited an article they knew would have a potentially devastating impact upon respondent in this State in which she works and lives."  *Id.* at 789-90.

Movant cites *Wallace v. Herron* in which the Seventh Circuit held a plaintiff may not hale a defendant into court solely based on an intentional tort.  *Wallace v. Herron*, 778 F.2d 391, 394 (7th Cir. 1985).  The plaintiff attempted to exercise jurisdiction in Indiana over a law firm in California whose only contact with the state was representing an Indiana couple in legal proceedings, which were taking place in California.  *Id.* The court in Wallace reiterated that the conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.  *Id.* at 394 (citing *World-Wide Volkswagen Corp.*, 444 U.S. at 297).

Respondent has made a *prima face* case that Movant established minimum contacts in Louisiana with respect to the claims against Movant for conspiracy and extortion.  Movant's

4

situation is comparable to the defendant in *Brown* whose only contact with the forum state was a phone call intended to defame the plaintiff. Accepting the following allegations as true for purposes of this Rule 12 motion, Movant conspired with top officials at ES&H who were in Louisiana to extort Respondent into withdrawing his police report by promising Respondent his job back. *Brown*, 688 F.2d at 333; *Luv N' Care*, 438 F.3d at 469; (Rec. Doc. 19 at 2). Movant's single purposeful act, placing the phone call to ES&H officials, directed at Louisiana is sufficient to establish minimum contacts in the state. *Thompson*, 755 F.2d at 1172. The alleged assault claim would not on its own lead to that result. However, judicial economy warrants resolution of that claim as interrelated to and involve the same or substantially similar facts and witnesses.

Since minimum contacts have been established, the court now addresses whether the exercise of jurisdiction would offend notions of fair play and substantial justice. *Int'l Shoe*, 326 U.S. at 316. The Court stated "[t]he 'quality and nature' of a[] . . . transaction may sometimes be so random . . . that it cannot be fairly said that the potential defendant 'should reasonably anticipate being haled into court in another jurisdiction.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 485-86 (1985) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,297 (1980)). The Court went on to state that the relationship between the defendant and the forum must such that it is

5

reasonable to require the defendant to defend the suit, which is brought there. *Id.* The Court set out five factors when determining whether the relationship between the defendant and the forum is proper to exercise jurisdiction: (1) the burden on the defendant; (2) the forum state's interest in litigating the dispute; (3) the plaintiff's interest in obtaining effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the several states in furthering fundamental social policies. *Id.*

First the court must identify the burden on the defendant, which the Supreme Court stated is the primary concern when determining if the relationship between the defendant and the forum is reasonable to exercise jurisdiction. *Id.* The Fifth Circuit in *Ruston* held that having established minimum contacts, the burden to travel to the forum state was not unreasonable because the defendant regularly had employees travel to Texas for business-related activities. *Ruston*, 9 F.3d at 421. Similarly, the burden on Movant to travel to Louisiana would not be unreasonable to him or those he plans to call as witnesses because of the likelihood that Movant will be called as a witness for the other Defendants and will likely have the same witnesses as other Defendants. (Rec. Doc. 19 at 8). It would be equally burdensome for Respondent to file a claim in Mississippi or Alabama and since minimum contacts have been established, the

6

interests of the forum and Plaintiff justify imposing burdens on Movant. *Wien Air Alaska v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

Second, the court must determine Louisiana's interest in litigating the dispute. *Burger King Corp.*, 471 U.S. at 485. The Fifth Circuit has held that a state has a strong interest in providing a forum for its residents. *Coats v. Penrod Drilling Co.*, 5 F.3d 877, 885 (1993) ("Requiring [a defendant] to defend a lawsuit in Mississippi would not offend . . . principles [of fair play and substantial justice]. Plaintiff is a resident of Mississippi, and Mississippi has a strong 'interest in providing effective means of redress to its residents.'" (quoting *McGee v. Int'l Life Ins. Co.*, 335 U.S. 220, 223 (1957)); *Holt*, 801 F.2d at 779-80 ("Maintenance of the suit against [defendant] in Texas will not offend traditional notions of fair play and substantial justice. The fact that the injured party is a resident of Texas provides Texas with a significant interest in providing a forum for this action."); *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 814 (5th Cir. 2006) ("No reason why jurisdiction over defendant would run afoul notions of fair play or substantial justice. Mississippi has a substantial interest in protecting its citizens from injuries from products used within its borders."). Here, because Respondent is a resident of Louisiana and claims that Movant's predominate tortious actions took place in Louisiana, that State has a legitimate interest in providing

7

Respondent a forum in which to litigate his claims. Exercising jurisdiction over Movant in Louisiana would not offend notions of fair play and substantial justice.

Third, the court must determine Respondent's interest in obtaining convenient and effective relief. *Burger King Corp.*, 471 U.S. at 485. The Fifth Circuit and other circuits have held that plaintiffs have a strong interest in obtaining convenient and effective relief, justifying jurisdiction over a nonresident defendant. *See Ruston*, 9 F.3d at 421 ("In this case, Donaldson has a strong interest in obtaining convenient and effective relief. The claims Donaldson asserts against Corchran are third-party claims arising from Rustons claims against Donaldson in the same case); *Liccilardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008) ("The Florida plaintiff injured by the intentional misconduct of a nonresident, expressly aimed at plaintiff, is not required to travel to nonresident's state to obtain a remedy."). In the instant case, Respondent, like the plaintiff in *Liccilardello* was injured by the intentional misconduct of Movant, which was directed at Respondent when he conspired to extort Respondent. (Rec. Doc. 19 at 2). Here, as Movant's intentional misconduct was directed at Plaintiff, Plaintiff is not required to travel to Mississippi or Alabama to obtain a remedy. *Id.*; (Rec. Doc. 19 at 8).

Fourth, the court must determine the interstate judicial system's interest in obtaining the most efficient resolution of

8

the controversies. *Burger King Corp.*, 471 U.S. at 485. The Fifth Circuit has held that litigating related claims in a single forum promotes judicial efficiency. *See Ruston*, 9 F.3d at 421. ("[The] Texas forum brings all parties into one courtroom for a single resolution."). Here, judicial efficiency would be best served by allowing Respondent to litigate all of his claims in one forum rather than requiring Plaintiff to travel to Mississippi or Alabama to litigate essentially interrelated claims against Movant as the other Defendants.

The final issue the court must consider is the interest of states in furthering substantive social policies. *Burger King Corp.*, 481 U.S. at 485. When determining this, courts take into consideration the interest of states in the predictability of jurisdiction and allowing citizens to structure their transactions to limit their amenability to suits in foreign states. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 377 (5th Cir. 1987). Here, it is important to note that Movant had the opportunity to limit his transactions with Louisiana, but chose to interact with the state by allegedly conspiring with the other Defendants to extort Respondent into withdrawing his complaint by virtue of the telephone call to ES&H officials as is assumed for purposes of this Rule 12 motion. Because of his intentional actions directed at Louisiana, Movant did not limit his amenability to suit in this state.

9

Movant established sufficient minimum contacts with Louisiana by virtue of his single intentional act directed at Plaintiff and the forum state.  Because sufficient minimum contacts by Movant are established, maintenance of this suit does not offend notions of fair play and substantial justice.  *Int'l Shoe Co.*, 326 U.S. at 316.

New Orleans, Louisiana, this 29TH day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE