UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTIN SCHLESINGER** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 11-294** |
| **E S & H, INC., TEAM LABOR FORCE, LLC., O'BRIEN'S RESPONSE MANAGEMENT, INC., BP AMERICA, INC., AND RAYMOND PITTS** | **SECTION: "B"(2)** |

## ORDER AND REASONS

Before the Court is Petitioner O'Brien's Response Management, Inc.'s ("Defendant") Partial Motion to Dismiss with prejudice Martin Schlesinger's ("Plaintiff") amended complaint for failure to state a claim under the Fair Labor Standards Act, 29 U.S.C. §207; the Louisiana Wage Payment Act, La. Rev. Stat. §23:631 et. seq.; and La. Rev. Stat. §23:967. (Rec. Doc. No. 27). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendant's Partial Motion to Dismiss (Rec. Doc. No. 27) is **DENIED IN PART AND GRANTED IN PART.** Specifically, Defendant's motion to dismiss Plaintiff's failure to state a claim for violations of the Fair Labor Standards Act, 29 U.S.C. §207, is **DENIED.** Defendant's motion to dismiss for failure to state claims under the Louisiana Wage Payment Act, La. Rev. Stat. §23:631 et. seq., and La. Rev. Stat. §23:967, is **GRANTED.**

## **FACTUAL HISTORY**

Plaintiff alleges in his amended complaint he was hired on or about May 2010, by ES&H Inc., for the Deepwater Horizon oil spill clean up at a BP work site in Pascagoula, Mississippi. (Rec. Doc. No. 14 at 7). Plaintiff alleges Defendant was placed at the site in a supervisory role over the clean-up effort and that ES&H was placed in a position subservient to Defendant to provide safety at the job site. *Id*. at 8. Plaintiff alleges he was a joint employee subject to the unified control of the Defendants TLF and ES&H, including shared control over Plaintiff's access to the work site, issuance of work credentials, issuance of work equipment, shared access to employee records and shared assignment of daily job duties. *Id*. at 4-7. Plaintiff alleges Defendant Pitts, a direct employee of Defendant tasked with enforcing a non-harassment policy at the job site, followed Plaintiff from a meeting and confronted Plaintiff about his task to enforce OSHA safety regulations at the site. *Id*. at 9-10.

Plaintiff alleges Defendant Pitts became belligerent, threatening Plaintiff with termination, to which a police officer who witnessed the event approached and suggested Plaintiff file an affidavit for assault. *Id*. at 11. Plaintiff filed an affidavit with the police and informed Defendants, to which they colluded and conspired to fire Plaintiff. *Id*. at 11. However, representatives of ES&H, Inc. agreed to reinstate Plaintiff if he revoked his

statement to the police.  *Id.* at 12-13.  Plaintiff alleges he complied but was transferred to ES&H, Inc.'s sister company, Defendant TLF, and remained banned from the BP work site until he was fired again.  *Id.*

## PROCEDURAL HISTORY

On February 10, 2011, Plaintiff filed his complaint against Defendants ES&H, Inc., Team Labor Force, LLC, O'Brien's Response Management, Inc., BP America, Inc., and Raymond Pitts. (Rec. Doc. No. 1).  In his original complaint, Plaintiff, as an employee of the defendants, alleged (1) that he was denied overtime compensation in violation of the Fair Labor Standards Act ("FLSA") (2) that his final earned wages were withheld; (3) that he was wrongfully terminated by defendants in violation of Louisiana whistleblower laws R.S. 30:2027 for reporting state environmental law violations and the more general R.S. 23:967 for reporting state law violations; (4) tort claims of wrongful termination, conspiracy, extortion, assault, breach of contract and failure to enforce a "non-harassment" policy, all in connection with an instance of alleged assault against Plaintiff by Defendant Raymond Pitts; and (5) liability for the aforementioned assault under *respondeat superior* doctrine.  *Id.* at 6-10.

On April 19, 2011, Defendant filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim and requested all Plaintiff's claims be dismissed.

(Rec. Doc. No. 13).  Specifically, Defendant contended Plaintiff's complaint did not satisfy the pleading requirements of Rule(a)(2) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) in that it did not contain enough facts to make plausible Plaintiff's conclusory statement that Defendant was either his direct or joint employer. (Rec. Doc. No. 13 at 1-2).

In response, Plaintiff filed an amended complaint at Rec. Doc. No. 14 and opposition to Defendant's Motion to Dismiss at Rec. Doc. No. 15 on May 3, 2011. In his amended complaint, Plaintiff asserted the following causes of action against Defendant: failure to pay overtime compensation in violation of the FLSA, 29 U.S.C. §207; failure to pay final wages in violation of the Louisiana Wage Payment Act; violations of Louisiana Revised Statutes 30:2027 and 23:967 for terminating Plaintiff after he reported Defendant's violation of state environmental laws and more general state laws; wrongful termination in violation of Mississippi retaliation law authorized by *McArn v. Allied Bruce-Terminix Co. Inc.*, 626 So.2d 603 (Miss. 1993); and tort claims for conspiracy, extortion and assault under *respondeat superior* doctrine.  (Rec. Doc. No. 14 at 14-21).

Plaintiff alleged these same claims against Defendant BP America, which filed a Motion to Dismiss or, in the alternative, a Motion for a More Definite Statement on May 17, 2011. (Rec. Doc. No. 22).  Defendant O'Brien's filed the instant motion to Partially

Dismiss, incorporating the arguments of its original motion as well as the arguments made by Defendant BP America in its motion with respect to the disputed claims. (Rec. Doc. No. 27-1 at 1-2). Plaintiff filed an opposition to the Partial Motion to Dismiss on June 14, 2011. (Rec. Doc. No. 35). A written ruling was issued on August 29, 2011 on Defendant BP America motion to dismiss for lack of personal jurisdiction (Rec. Doc. No. 38).

## LAW AND ANALYSIS

### I. Standard of Review

A plaintiff is required to set forth a "short and plain statement" of his claim showing he is entitled to relief. Fed. R. Civ. P. 8(a)(2). Under Fed. R. Civ. P. 12(b)(6), a district court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009). A plaintiff must plead enough facts, if taken as true, to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A "formulaic recitation of the elements of a cause of action" will not meet this pleading standard. *Id.* at 555. Plausibility does not require a showing of probability as a well-pleaded complaint can proceed even if "actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556. However, legal conclusions are not entitled to a presumption of

truth for the purposes of a 12(b)(6) motion.  *Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009).

II. Joint Employment under the FLSA

In order for Plaintiff to establish a claim for lost compensation under the FLSA, he must allege enough facts to establish an employer-employee relationship.  An "employer," under the FLSA, is "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  Joint employment status, for the purposes of the FLSA, "depends upon all the facts in the particular case," but if an employee is found to be employed jointly by two or more employers, "all joint employers are responsible, both individually and jointly, for compliance" with the FLSA.  29 C.F.R. § 791.2.

The Fifth Circuit employs an "economic reality" test in determining whether an employer is a joint employer under the FLSA. *Hodgson v. Griffin and Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973); *See also Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 327 (5th Cir. 1993); *See also Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308 (5th Cir. 1976), cert denied, 429 U.S. 826.  The linchpin of the test is not the degree of control exercised over the employee but whether the employee is so dependent upon the alleged joint employer as to bring it within the ambit of the FLSA.  *Hodgson*, 471 F.2d at 237; *Mendoza v. Essential Quality Constr., Inc.*, 691 F.Supp.2d 680, 684-86 (5th Cir. 2010).

The Fifth Circuit's factors, with no single factor being determinative, for gauging dependency are: degree of control exercised by the alleged employer; the extent of the relative investments of the worker and alleged employer; the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; the skill and initiative required in performing the job; and the permanency of the relationship.  *Mendoza*, 691 F.Supp.2d at 685.

Defendant asserts the facts alleged by Plaintiff - that an employee of Defendant (a subcontractor to BP), Raymond Pitts, got into a disagreement with him, the employee of ES&H, Inc., (another subcontractor of BP), over a work issue - are both inconsistent with joint employment status under the FLSA and insufficient to meet the pleading requirements laid out in Rule(a)(2) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  *Id*.

However, a plaintiff need not plead every factor of the test

---

[11]Defendant cites to another four-factor test employed by the Fifth Circuit to determine employer status: whether the alleged employer (1) has the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.  *Martin v. Bedell*, 955 F.2d 1029, 1034 (5th Cir. 1992).  There is much overlap between the four and five-factor tests.  However, the court in *Martin* did not employ the four-factor test, and only mentioned the test in a footnote that acknowledged the existence of joint employment relationships in some prisoner work release situations.  *See Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990).  The five-factor test has been used in cases to determine contractor-employer status, which Defendant here, alleges arguing that it was a separate subcontractor rather than joint employer. (Rec. Doc. No. 27-1 at 3).  The five-factor test is also the latest test to be used by this district for employer analysis under the FLSA.  *See Altier v. Worley Catastrophe Response, LLC*, 2011 WL 1791292 (E.D.La. 2011).  Therefore, the five-factor test is more appropriate in the instant case.  However, given that the ultimate inquiry of the test is dependency, the test is not limited only to those enumerated factors, nothing precludes the court from looking at applicable factors of the four-factor test as well.

as contended by Defendant as the focus is on dependency and not isolated factors, and the Fifth Circuit has found employer-employee relationships where the employer had no control over aspects of it. *Usery v. Pilgrim Equipment Co., Inc.*, 527 F.2d 1308, 1312 (5th Cir. 1976) (finding laundry operators as employees even though they retained right to hire employees and set hours).  For example, the court in *Mendoza* denied a motion to dismiss raised by the general contractor claiming it was not a joint employer because Plaintiffs, sheetrock subcontractors, alleged defendant had employed plaintiffs jointly, monitored the job site, approved of their hourly pay, and provided materials.  691 F.Supp.2d at 685.  The court dismissed defendant's argument that another company exerted more control over plaintiff, noting it was impossible to determine if more control precluded the possibility of joint employment, which was plausible based on plaintiffs' pleadings.  *Id.* at 686.

Further, under either the *Mendoza* test or *Martin* test, Plaintiff's allegations meet more of the factors than do not. Plaintiff alleges BP hired Defendant in a supervisory role over the entire job site and Plaintiff's direct employer, ES&H, Inc., as a supportive role providing safety to the site, thus putting Defendant in a position to manage ES&H. Inc.'s employees.  (Rec. Doc. No. 14 at 8).  Plaintiff alleges Raymond Pitts, Defendant's employee, was tasked with enforcing a non-harassment policy over the entire job site and made direct threats to Plaintiff to

terminate his employment, both of which typify an employer exerting control in an employer-employee relationship. *Id.* at 9, 11.

Plaintiff alleges defendants collectively issued him credentials for work site access, exchanged employee records with other defendant companies, and issued equipment belonging to defendants for Plaintiff's work, all suggesting the defendants were collectively more invested as joint employers rather than separate subcontractors. *Id.* at 6, 12. Plaintiff also alleges representatives of Defendant assigned daily job assignments, and controlled the number of hours Plaintiff spent on-site, thus controlling his pay based on his hourly wage rate. *Id.* at 6. Plaintiff has alleged more than was found plausible in *Mendoza,* and if accepted as true, demonstrate Plaintiff's dependency as an employee on Defendant in accordance with the Fifth Circuit standard. 691 F.Supp.2d at 685.; *Hodgson*, 471 F.2d at 237. Therefore, Plaintiff's pleadings have met the *Twombly* standard, and Defendant's motion to dismiss this claim is denied.

III. Louisiana Wage Payment Act Claim

Defendant claims Plaintiff did not allege the proper requisite to maintain a claim under the LWPA. (Rec. Doc. No. 27-1 at 4). Specifically, Defendant contends plaintiff failed to give Defendant notice of his final wage demand as required by the statute. *Id.* Statute §23.631 states:

> Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment.

Statute § 23.632 requires the employer to pay any penalties and attorney's fees of the employee if the employer refuses to tender lost wages after the employee has made demand for them. La. Rev. Stat. §23.632. To recover under the LWPA, Plaintiff must: prove that wages were due and owing; demand payment at the place where he was usually paid, and show employer failed to pay upon demand. *Cleary v. LEC Unwired, LLC*, 804 So.2d 916, 923 (La. App. 1 Cir. 2001). An employee asserting a claim under the LWPA against multiple employers must have given notice of demand to all employers. *See Beaty v. Colgrove Const. Co.*, 420 So.2d 1271, 1272 (La. App. 3 Cir. 1982); *See also Perryman v. Boisseau et all.*, 138 So. 141, 142 (La. App. 2 Cir. 1931). To determine whether an employer/employee relationship exists for the purpose of the LWPA, "it is not the actual supervision or control which is actually exercised by the employer that is significant, but whether, from the nature of the relationship, the right to do so exists." *Mendoza*, 691 F.Supp.2d at 686 (citing *Gordon v. Hurlston*, 854 So.2d 469, 472 (La. App. 3 Cir. 2003). The LWPA is penal in nature and therefore must be strictly construed. *Mitchell v. Fein*, 281 So.2d 463, 464 (La. App. 4 Cir. 1973); *Johnson v. Banner Corp.*, 308 So.2d 534, 536 (La. App. 4 Cir. 1975).

Plaintiff claims he is entitled to his final wages owed by

Defendant in accordance with the LWPA.  (Rec. Doc. No. 14 at 16). To support this claim, Plaintiff alleges his final wages are unpaid and that he submitted a written demand at ES&H Inc., where he was customarily paid, which was refused.  *Id*.  However, even accepting all of Plaintiff's allegations as true, Plaintiff has only plausibly demonstrated that ES&H, Inc. and its sister company TLF were his employers at the time the final wages were owed.  *Twombly*, 550 U.S. at 556.  Based on Plaintiff's pleadings, any plausible joint employment status with Defendant had ended when he was transferred to TLF, allegedly under the collusion of the four defendants.  (Rec. Doc. No. 14 at 13).  This is so because Plaintiff alleges (1) he was removed from the job site over which Defendant allegedly supervised, (2) he was transferred to another company for "token, less profitable work" with no alleged connections to Defendant, and (3) his ban from the Mississippi job site was in effect because, on the authority of BP, no entity could "hire" him to work on it, suggesting that he had been fired from the previous alleged joint employment relationship.  *Id*. at 13.  In short, Plaintiff has not alleged facts that would suggest Defendant O'Brien's, through a joint employer relationship, had any right to control Plaintiff as an employee after he was transferred to TLF. *Mendoza*, 691 F.Supp.2d at 686.  On the contrary, he seems to allege Defendant disavowed any right to control Plaintiff through his banning from the BP site.  Plaintiff further alleges he was fired

"a short time later" after his transfer and that after learning his "full wages" hadn't been paid by Defendant he made a demand for his "final wages," but then goes on to claim his demand for final wages prior to his termination are unrelated to his FLSA claim. *Id.* at 13-15. Without more specifically pled facts on the time period for which Plaintiff claims his final wages, the only plausible inference to be drawn from his complaint is that his claim for final wages stem from his short employment with TLF and not from his prior alleged joint employment with defendant at the Mississippi site. *Twombly*, 550 U.S. at 556.

Further, even if Defendant is Plaintiff's employer under the LWPA, Plaintiff never put Defendant on notice for the demand for his final wages. *See Beaty*, 420 So.2d at 1272; *See also Perryman*, 138 So. at 142. Plaintiff cites a litany of cases in his opposition to the instant motion in support his contention that all he was required to plead is demand made where he was customarily paid. (Rec. Doc. No. 35 at 4). However, all cases cited by Plaintiff involve an employee bringing the claim against a single employer and do not address the scenario of asserting a claim against multiple employers. In that case, notice must be given to each entity against which Plaintiff brings a claim under the LWPA, which he here failed to do. *See Beaty*, 420 So.2d at 1272 (noting that even though subcontractor had not alleged general contractor was his direct employer, he should have demanded wages from general

contractor to give him notice of the claim under the LWPA).

IV. Louisiana Whistleblower Claim

Defendant contends Plaintiff failed to state a claim under La. Rev. Stat. § 23:967 ("Whistleblower Statute") because the statute requires a violation of state law, and the assault Defendant's employee allegedly committed against Plaintiff occurred in Mississippi, not Louisiana. (Rec. Doc. No. 27-1 at 5). The statute provides:

> A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law:
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
> B. An employee may commence a civil action in a district court where the violation occurred against any employer who engages in a practice prohibited by Subsection A of this Section.

La. Rev. Stat. § 23:967. The allegedly illegal conduct complained of must have occurred in Louisiana for a claim to be cognizable under the Whisteleblower Statute. *Mendonca v. Tidewater Inc.*, 862 So. 2d 505, 510 (La. App. 4 Cir. 2003) (holding that because the statute provides for filing suit in the district court where violation of the statute occurred, the alleged violation of state law must take place in Louisiana); *See also Accardo v. Louisiana Health Services & Indem. Co.*, 943 So.2d 381, 386 (La. App. 1 Cir. 2006) (holding because the statute's legislative history shows "violation of law" was replaced by "violation of state law", the legislature intended the requirement of an actual violation of a

-13-

state statute).

Plaintiff contends the Whistleblower Statute does not on its face require the violation of state law to be a violation of Louisiana law, but cites no authority to support this position. (Rec. Doc. No. 35 at 4). Plaintiff alleges Defendant Pitts, an employee of Defendant, assaulted him outside of a hotel in Mississippi and that he filed an affidavit following the incident with a police department in Mississippi. (Rec. Doc. No. 14 at 10). However, the jurisprudence of this state is clear; the allegedly illegal conduct must have occurred in Louisiana and be a violation of this state's law. *Mendonca*, 862 So. 2d at 510; *Accardo*, 943 So.2d at 386. As Plaintiff has alleged the assault occurred out-of-state, he has not sufficiently plead facts to sustain a plausible claim under Louisiana's Whistleblower Statute. *Twombly*, 550 U.S. at 556.

Defendant's motion to dismiss the claim for violations of the Fair Labor Standards Act, 29 U.S.C. §207, is **DENIED.** Plaintiff has plead sufficient facts to make a plausible FLSA claim of joint employment status during relevant time periods under the applicable standards of the Fifth Circuit. Defendant's motions to dismiss for failure to state claims under the Louisiana Wage Payment Act, La. Rev. Stat. §23:631 et. seq., and La. Rev. Stat. §23:967, is **GRANTED**. Plaintiff has not sufficiently alleged Defendant was his joint employer under the LWPA at the time his

final wages were owed, and he has not sufficiently alleged facts of a violation of state law that occurred while in Louisiana as required under the Louisiana Whistleblower Statute.

New Orleans, Louisiana, this 30th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE