## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARTIN SCHLESINGER** | * | |
| *Plaintiff* | * | |
| | * | |
| **versus** | * | **Case No. 2:11-cv-00294-ILRL-JCW** |
| | * | |
| **ES&H, INC., TEAM LABOR FORCE,** | * | |
| **L.L.C., O'BRIEN RESPONSE** | * | |
| **MANAGEMENT, INC., BP AMERICA,** | * | |
| **INC. and RAYMOND PITTS** | * | |
| *Defendants* | * | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant BP America Inc. (hereinafter referred to as "BP") answers the First Amended Complaint ("Complaint")[1] filed by Plaintiff, Martin Schlesinger ("Plaintiff"), as follows:

### Sole Remaining Claim Against BP

Plaintiff's claim under the Fair Labor Standards Act ("FLSA") regarding overtime compensation is the sole remaining claim against BP in this action. All other claims Plaintiff asserted against BP (including his claim for wages under La. Rev. Stat 23:631; his whistleblower claims under La. Rev. Stat. 30:2027, La. Rev. Stat. 23:967, and Mississippi State anti-retaliation laws; and his common law claims for civil conspiracy, civil extortion, and assault) were dismissed by the Court in its August 29, 2011 Order and Reasons granting BP's Motion to Dismiss. *See* Rec. Doc. 39.

### AFFIRMATIVE DEFENSES

Without admitting liability to Plaintiff, BP asserts the following affirmative defenses:

---

[1]      Rec. Doc. 14.

### First Defense

Plaintiff's Complaint fails to state a claim against BP upon which relief may be granted.

### Second Defense

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation.

### Third Defense

Because it was not Plaintiff's employer, BP is not responsible for any overtime compensation owed to Plaintiff.  Alternatively, Plaintiff has already been paid for all overtime compensation that was owed to him.

### Fourth Defense

Plaintiff has not sustained any damages as a result of any illegal conduct or actions on the part of BP.  To the extent Plaintiff has sustained damages, they were caused by Plaintiff's own actions and/or the actions of other persons for whom BP is not responsible.  Alternatively, Plaintiff has failed to mitigate any damages which he may have sustained.

### Fifth Defense

On June 23, 2011, Defendants ES&H, Inc. ("ES&H") and Team Labor Force, LLC ("TLF"), without admitting liability to Plaintiff, tendered checks to Plaintiff for all regular and overtime wages allegedly due, and for reasonable attorneys' fees associated with Plaintiff's wage claims.  Upon information and belief, these checks were cashed by Plaintiff.  Plaintiff's overtime claim under the FLSA is therefore moot due to accord and satisfaction.

### Sixth Defense

Alternatively, any amount awarded to Plaintiff must be offset by the June 23 payments from ES&H and TLF, or by any other amount for which offset is available to BP under federal or state law.

-2-

1041030_1.Docx

## Seventh Defense

BP acted in good faith and without malice toward Plaintiff at all times.  Any alleged act or omission was not willful, but was in good faith and in conformity with and in reliance on administrative regulations, orders, rulings, approvals, and/or interpretations of an agency of the United States, or administrative practices or enforcement policies of such agency.

## Eighth Defense

BP conducted itself with good faith and had reasonable grounds for believing that any alleged action or omission was not in violation of the FLSA, and it therefore cannot be held liable for liquidated damages under the FLSA.

BP reserves the right to supplement and amend this pleading to assert any other affirmative defenses, when and if, in the course of discovery or preparation for trial, such defenses become known or available, or it becomes otherwise appropriate to assert such defenses.

## OTHER DEFENSES

### Ninth Defense

Plaintiff is not owed any overtime wages under the FLSA because he did not work for more than 40 hours per week.

### Tenth Defense

Plaintiff is not owed any overtime wages because he was an independent contractor or was otherwise exempt from the FLSA's overtime pay requirements.

### Eleventh Defense

BP incorporates by reference all defenses raised in its Motion to Dismiss Claims Against BP and the memorandum filed in support of said motion (Rec. Docs. 22 and 22-1).

## Twelfth Defense

BP incorporates by reference any applicable defense pleaded by any other defendant not expressly set forth in this Answer.

## Thirteenth Defense

BP is not a proper party to this lawsuit because  it never employed Plaintiff, jointly or otherwise.

## Fourteenth Defense

Because it was not his employer, BP was not required to post FLSA notices or maintain any records of time worked by Plaintiff.  Alternatively, the required notices were posted and the required time records were maintained.

## ANSWER

BP answers the numbered paragraphs in Plaintiff's Complaint as follows:

1.

With respect to the allegations in Paragraph 1, BP admits that jurisdiction in this Court is proper.  BP denies the remaining allegations in Paragraph 1.  BP specifically denies violating any of the laws referenced in the Complaint.

2.

With respect to the allegations in Paragraph 2, BP admits that the Court has supplemental jurisdiction over the state law claims asserted in Plaintiff's Complaint.  BP denies the remaining allegations in Paragraph 2.  BP also reiterates that all of Plaintiff's state law claims against BP were dismissed by this Court in its August 29 Order and Reasons.

3.

BP admits that venue is proper in this Court, but denies the remaining allegations of Paragraph 3.

4.

BP denies the allegations contained in Paragraph 4 of the Complaint for lack of information sufficient to justify a belief therein.

5.

With respect to the allegations in Paragraph 5, BP states that ES&H was one of many contractors that BP engaged to provide services related to the Deepwater Horizon oil spill that occurred on April 20, 2010.  BP denies the remaining allegations contained in Paragraph 5 for lack of information sufficient to justify a belief therein.

6.

The allegations contained in Paragraph 6 are denied for lack of information sufficient to justify a belief therein.

7.

With respect to the allegations in Paragraph 7, BP states that O'Brien's Response Management, Inc. ("O'Brien's) was one of many contractors that BP engaged to provide services related to the Deepwater Horizon oil spill that occurred on April 20, 2010.  BP denies the remaining allegations contained in Paragraph 7 for lack of information sufficient to justify a belief therein.

8.

With respect to the allegations of Paragraph 8, BP admits that it is a Delaware corporation authorized to do business in the State of Louisiana, that its business includes the

production of crude oil, and that it engaged in clean up efforts following the Deepwater Horizon oil spill on April 20, 2010.  The remaining allegations contained in Paragraph 8 are denied as written.

9.

To the extent the allegations in Paragraph 9 are directed at other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.  To the extent the allegations in Paragraph 9 are directed at BP, the allegations are denied.  BP also shows that Plaintiff's conclusory allegations regarding BP's alleged employment of Defendant Raymond Pitts ("Pitts") are rendered moot by the Court's August 29 dismissal of Plaintiff's whistleblower and assault claims against BP and are irrelevant to Plaintiff's FLSA claims, the only remaining claims against BP.

10.

The allegations contained in Paragraph 10 and all of its sub-parts, including Paragraphs 10.A., 10.B., 10.C., 10.D, and 10.E, are denied to the extent that these allegations relate to conduct or actions by BP.  To the extent that the allegations contained in these Paragraphs relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.  BP specifically denies that it employed Plaintiff, either jointly or otherwise.

11.

Paragraph 11 asserts a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, BP denies the allegations in Paragraph 11.

12.

Paragraph 12 asserts a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, BP denies the allegations in Paragraph 12.

13.

The allegations in Paragraph 13 are denied to the extent that these allegations relate to conduct or actions by BP.  To the extent that the allegations contained in Paragraph 13 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

14.

The allegations in Paragraph 14 are denied to the extent that these allegations relate to conduct or actions by BP.  To the extent that the allegations contained in Paragraph 14 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

15.

The allegations in Paragraph 15 of the Complaint are denied to the extent that these allegations relate to conduct or actions by BP.  To the extent that the allegations in Paragraph 15 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

16.

The allegations in Paragraph 16 are denied to the extent that these allegations relate to conduct or actions by BP.  To the extent that the allegations in Paragraph 16 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

17.

The allegations in Paragraph 17 are denied to the extent that these allegations relate to conduct or actions by BP.  To the extent that the allegations in Paragraph 17 relate to other

defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

18.

The allegations in Paragraph 18 are denied to the extent that these allegations relate to conduct or actions by BP.  To the extent that the allegations in Paragraph 18 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

19.

The allegations in Paragraph 19 of the Complaint are denied to the extent that these allegations relate to conduct or actions by BP.  To the extent that the allegations in Paragraph 19 relate to other defendants, BP denies such allegations for lack of information sufficient to justify a belief therein.

20.

The allegations in Paragraph 20 of the Complaint are denied.

21.

The allegations in Paragraph 21 of the Complaint are denied to the extent that they relate to BP.  To the extent the allegations in Paragraph 21 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

22.

The allegations in Paragraph 22 are denied to the extent that they relate to BP.  To the extent the allegations in Paragraph 22 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

23.

Paragraph 23 asserts a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, BP denies the allegations of Paragraph 23.

24.

Paragraph 24 asserts a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, BP denies the allegations of Paragraph 24.  BP specifically denies that it employed Plaintiff.

25.

The allegations in Paragraph 25 are denied as written.

26.

The allegations in Paragraph 26 are denied to the extent that they relate to BP.  To the extent the allegations in Paragraph 26 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

27.

With respect to the allegations in Paragraph 27, BP admits that Plaintiff was hired by ES&H.  The remaining allegations in Paragraph 27 are denied.

28.

With respect to the allegations in Paragraph 28, BP states that it engaged Defendant O'Brien's to provide services related to the Deepwater Horizon oil spill that occurred on April 20, 2010.  The remaining allegations in Paragraph 28 are denied.

29.

The allegations in Paragraph 29 are denied.

30.

With respect to the allegations in Paragraph 30, BP states that it engaged ES&H to provide services related to the Deepwater Horizon oil spill that occurred on April 20, 2010.  The remaining allegations in Paragraph 30 of the Complaint are denied.

31.

The allegations in Paragraph 31 are denied to the extent that they relate to BP.  To the extent the allegations in Paragraph 31 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

32.

The allegations in Paragraph 32 are denied to the extent that they relate to BP.  To the extent the allegations in Paragraph 32 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

33.

With respect to the allegations in Paragraph 33, BP admits that it did not compensate Plaintiff for any work he performed in connection with the oil spill, but denies that it had any obligation to do so.  The remaining allegations in Paragraph 33 are denied to the extent that said allegations relate to conduct or actions by BP.  To the extent the allegations contained in Paragraph 33 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

34.

Paragraph 34 of the Complaint asserts a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, BP denies the allegations in Paragraph 34.

34.A.

With respect to the allegations of Paragraph 34.A., BP denies that it was Plaintiff's employer.  The remaining allegations in Paragraph 34.A. are denied for lack of information sufficient to justify a belief therein.

34.B.

The allegations of Paragraph 34.B are denied.  BP specifically denies that it was obligated to provide any compensation to Plaintiff, including overtime compensation for hours worked in excess of forty (40) hours per week.  BP also states that Plaintiff's claim for overtime compensation is moot as a result of the June 23 payment he received from Defendants ES&H and TLF.

34.C.

To the extent the allegations in Paragraph 34.C. relate to other defendants, BP denies the allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations relate to BP, BP admits that it did not maintain time records or any other employment records related to Plaintiff, but denies that it was obligated to do so.

35.

The allegations in Paragraph 35 of the Complaint are denied to the extent that they relate to BP.  To the extent the allegations in Paragraph 35 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

36.

With regard to the allegations in Paragraph 36, BP admits that it issued a code of conduct and a policy prohibiting harassment.  The remaining allegations in Paragraph 36 are denied.

1041030_1.Docx

37.

The allegations in Paragraph 37 are denied.

38.

The allegations in Paragraph 38 are denied.  The policy document is the best evidence of its contents.

39.

To the extent that the allegations in Paragraph 39 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations in Paragraph 39 relate to BP, said allegations are denied.  BP also reiterates that Plaintiff's allegations regarding the alleged assault by Pitts are irrelevant to Plaintiff's FLSA claims, the only remaining claims against BP.

40.

With respect to the allegations in Paragraph 40, BP denies that it "set forth" Plaintiff's "role at the job site."  The remaining allegations in Paragraph 40 are denied for lack of information sufficient to justify a belief therein.

41.

The allegations in Paragraph 41 are denied for lack of information sufficient to justify a belief therein.

42.

The allegations in Paragraph 42 are denied for lack of information sufficient to justify a belief therein.

43.

The allegations in Paragraph 43 are denied for lack of information sufficient to justify a belief therein.

44.

The allegations in Paragraph 44 are denied for lack of information sufficient to justify a belief therein.

45.

The allegations in Paragraph 45 are denied for lack of information sufficient to justify a belief therein.

46.

The allegations in Paragraph 46 are denied for lack of information sufficient to justify a belief therein.

47.

The allegations in Paragraph 47 are denied for lack of information sufficient to justify a belief therein.

48.

The allegations in Paragraph 48 are denied for lack of information sufficient to justify a belief therein.

49.

The allegations in Paragraph 49 are denied for lack of information sufficient to justify a belief therein.

50.

The allegations in Paragraph 50 are denied.

51.

The allegations in Paragraph 51 are denied for lack of information sufficient to justify a belief therein.

52.

To the extent that the allegations in Paragraph 52 are directed to BP, said allegations are denied.  To the extent that the allegations in Paragraph 52 are directed to other defendants, the allegations are denied for lack of information sufficient to justify a belief therein.

53.

The allegations in Paragraph 53 are denied for lack of information sufficient to justify a belief therein.

54.

To the extent that the allegations in Paragraph 54 are directed at other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.  To the extent they are directed at BP, said allegations are denied.  BP specifically denies that it was a joint employer of Plaintiff.   BP also reiterates that Plaintiff's allegations regarding purported violations of state law anti-retaliation statutes are rendered moot by the Court's August 29 order dismissing Plaintiff's whistleblower claims against BP and are irrelevant to Plaintiff's FLSA claims, the only remaining claims against BP.

55.

BP denies the allegations in Paragraph 55 to the extent that said allegations relate to conduct or actions by BP.  To the extent the allegations in Paragraph 55 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

56.

The allegations in Paragraph 56 are denied for lack of information sufficient to justify a belief therein.

57.

The allegations in Paragraph 57 are denied for lack of information sufficient to justify a belief therein.

58.

BP denies the allegations in Paragraph 58 to the extent that said allegations relate to conduct or actions by BP.  To the extent the allegations in Paragraph 58 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.  BP also reiterates that Plaintiff's allegations against BP regarding civil conspiracy and extortion are rendered moot by the Court's August 29 order of dismissal and are irrelevant to Plaintiff's FLSA claims, the only remaining claims against BP.

59.

With respect to the allegations in Paragraph 59, BP admits that Plaintiff was hired by ES&H.  BP denies the remaining allegations in Paragraph 59 to the extent that they are directed to BP.  To the extent the allegations in Paragraph 59 are directed to other defendants, said allegations are denied for lack of information sufficient to justify a belief therein.

60.

The allegations in Paragraph 60 are denied for lack of information sufficient to justify a belief therein.

61.

BP denies the allegations in Paragraph 61 to the extent that they relate to conduct or actions by BP.  To the extent that said allegations relate to other defendants, the allegations are denied for lack of information sufficient to justify a belief therein.

62.

The allegations in Paragraph 62 are denied for lack of information sufficient to justify a belief therein.

63.

The allegations in Paragraph 63 are denied.

64.

With respect to the allegations in Paragraph 64, BP admits that it did not pay any wages to Plaintiff, but denies that it had any obligation to do so.  BP  denies that Plaintiff ever made demand for payment of wages on BP and denies the remaining allegations in Paragraph 64 to the extent that said allegations relate to conduct or actions by BP.  To the extent the allegations in Paragraph 64 relate to actions or conduct by other defendants,  BP denies said allegations for lack of information sufficient to justify a belief therein.   BP also reiterates that Plaintiff's allegations regarding non-payment of his final wages and his demand for payment of said wages are rendered moot by the Court's August 29 order of dismissal and are irrelevant to Plaintiff's FLSA claims, the only remaining claims against BP.

65.

Paragraph 65 asserts a legal conclusion to which no response is required.  To the extent a response is deemed necessary, BP denies the allegations of Paragraph 24.

66.

Paragraph 66 re-alleges paragraphs 1 through 65 of Plaintiff's Complaint to which BP has already responded, and provides Plaintiff's characterization of his FLSA claims against defendants to which no response is required.   To the extent a response is deemed necessary, BP denies the allegations in Paragraph 66 and re-asserts its responses to Paragraphs 1 through 65.

67.

The allegations in Paragraph 67 are denied.

68.

The allegations in Paragraph 68 are denied.

69.

To the extent the allegations in Paragraph 69 relate to BP, BP admits that it did not maintain time records, but denies that it had the duty to do so under the FLSA or any other federal or state law.   To the extent the allegations in Paragraph 69 relate to other defendants, BP denies said allegations for lack of information sufficient to justify a belief therein.

70.

With respect to the allegations in Paragraph 70, BP admits that it did not compensate Plaintiff for either regular or overtime hours, but denies that it had any obligation to do so.  The remaining allegations in Paragraph 70 are denied to the extent that they relate to BP, and denied for lack of information sufficient to justify a belief therein to the extent that they relate to other defendants.

71.

The allegations in Paragraph 71 are denied to the extent that they relate to actions or conduct by BP.  To the extent that said allegations relate to other defendants, the allegations are denied for lack of information sufficient to justify a belief therein.

72.

The allegations in Paragraph 72 are denied.

73.

The allegations in Paragraph 73 are denied.

74.

BP denies the allegations in Paragraph 74 to the extent that they are directed at BP.  To the extent that said allegations are directed at other defendants, BP denies the allegations for lack of information sufficient to justify a belief therein.

75.

All of Plaintiff's allegations against BP in Count II of the Complaint, including the allegations in Paragraph 75 have been dismissed.

76.

All of Plaintiff's allegations against BP in Count II of the Complaint, including the allegations in Paragraph 76 have been dismissed.

77.

All of Plaintiff's allegations against BP in Count II of the Complaint, including the allegations in Paragraph 77 have been dismissed.

78.

All of Plaintiff's allegations against BP in Count II of the Complaint, including the allegations in Paragraph 78 have been dismissed.

79.

All of Plaintiff's allegations against BP in Count III of the Complaint, including the allegations in Paragraph 79 have been dismissed.

80.

All of Plaintiff's allegations against BP in Count III of the Complaint, including the allegations in Paragraph 79 have been dismissed.

81.

All of Plaintiff's allegations against BP in Count III of the Complaint, including the allegations in Paragraph 81 have been dismissed.

82.

All of Plaintiff's allegations against BP in Count IV of the Complaint, including the allegations in Paragraph 82 have been dismissed.

83.

All of Plaintiff's allegations against BP in Count IV of the Complaint, including the allegations in Paragraph 83 have been dismissed.

84.

All of Plaintiff's allegations against BP in Count IV of the Complaint, including the allegations in Paragraph 84 have been dismissed.

85.

All of Plaintiff's allegations against BP in Count V of the Complaint, including the allegations in Paragraph 85 have been dismissed.

86.

All of Plaintiff's allegations against BP in Count V of the Complaint, including the allegations in Paragraph 86 have been dismissed.

87.

All of Plaintiff's allegations against BP in Count V of the Complaint, including the allegations in Paragraph 87 have been dismissed.

88.

All of Plaintiff's allegations against BP in Count V of the Complaint, including the allegations in Paragraph 88 have been dismissed.

89.

All of Plaintiff's allegations against BP in Count VI of the Complaint, including the allegations in Paragraph 89 have been dismissed.

90.

All of Plaintiff's allegations against BP in Count VI of the Complaint, including the allegations in Paragraph 90 have been dismissed.

91.

All of Plaintiff's allegations against BP in Count VI of the Complaint, including the allegations in Paragraph 91 have been dismissed.

92.

All of Plaintiff's allegations against BP in Count VI of the Complaint, including the allegations in Paragraph 92 have been dismissed.

93.

All of Plaintiff's allegations against BP in Count VI of the Complaint, including the allegations in Paragraph 93 have been dismissed.

94.

All of Plaintiff's allegations against BP in Count VII of the Complaint, including the allegations in Paragraph 94 have been dismissed.

95.

All of Plaintiff's allegations against BP in Count VII of the Complaint, including the allegations in Paragraph 95 have been dismissed.

96.

All of Plaintiff's allegations against BP in Count VII of the Complaint, including the allegations in Paragraph 96 have been dismissed.

97.

All of Plaintiff's allegations against BP in Count VII of the Complaint, including the allegations in Paragraph 97 have been dismissed.

98.

All of Plaintiff's allegations against BP in Count VII of the Complaint, including the allegations in Paragraph 98 have been dismissed.

99.

All of Plaintiff's allegations against BP in Count VIII of the Complaint, including the allegations in Paragraph 99 have been dismissed.

100.

All of Plaintiff's allegations against BP in Count VIII of the Complaint, including the allegations in Paragraph 100 have been dismissed.

101.

All of Plaintiff's allegations against BP in Count VIII of the Complaint, including the allegations in Paragraph 101 have been dismissed.

102.

All of Plaintiff's allegations against BP in Count VIII of the Complaint, including the allegations in Paragraph 102 have been dismissed.

103.

All of Plaintiff's allegations against BP in Count VIII of the Complaint, including the allegations in Paragraph 103 have been dismissed.

104.

All of Plaintiff's allegations against BP in Count VIII of the Complaint, including the allegations in Paragraph 104 have been dismissed.

105.

All of Plaintiff's allegations against BP in Count VIII of the Complaint, including the allegations in Paragraph 105 have been dismissed.

106.

Paragraph 106 describes Plaintiff's fee agreement with his attorney and requires no response from BP.  To the extent a response is deemed necessary, BP denies the allegations in Paragraph 106 for lack of information sufficient to justify a belief therein.

107.

Paragraph 107 describes Plaintiff's consent to filing the Complaint and requires no response from BP.  To the extent a response is deemed necessary, BP denies the allegations in Paragraph 107.

108.

With respect to the jury demand contained in Paragraph 108, BP states that, because there are no issues of material fact and it is entitled to judgment as a matter of law, there is no reason to submit Plaintiff's claims against it to a jury.

With regard to Plaintiff's prayer for relief, BP states that there are no grounds in fact or law for the relief requested by Plaintiff against BP.

## **DEMAND FOR JURY TRIAL**

To the extent that Plaintiff is permitted to take his claims to trial, BP hereby demands that such claims be tried to a jury.

WHEREFORE, after due proceedings, BP prays that Plaintiff's complaint be dismissed, with prejudice, at Plaintiff's cost, and that Plaintiff be ordered to reimburse BP for all costs incurred in defending against this action, including attorneys' fees, pursuant to La. Rev. Stat. 23:967(D), or as otherwise permitted by law.  BP further prays for all other just and equitable relief to which it may be entitled.

Respectfully submitted,

/s/Kindall C. James
Thomas J. McGoey II, T.A. (Bar #18330)
Kindall C. James (Bar #31203)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Attorneys for BP America Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 12, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record for all other parties.

/s/Kindall C. James