UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARTIN SCHLESINGER** | * | CIVIL ACTION |
| | * | |
| **VERSUS** | * | NO. 11-294 |
| | * | |
| **ES&H, INC., ET. AL.** | * | SECTION "B"(2) |

<u>ORDER AND REASONS</u>

Defendant Raymond Pitts' opposed Rule 60 Motion for Reconsideration Order Denying His Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Rec. Doc. Nos. 41 and 55) is **DENIED**.

<u>Law and Analysis</u>

<u>a. Motion to Reconsider</u>

It is well recognized that reconsideration is an "extraordinary remedy which should be used sparingly . . ." *A.M.C. Liftboats, Inc. Apache Corp.*, 2008 WL 1988807 (E.D.La. 2008) (quotation marks omitted). A Federal Rule of Civil Procedure Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Templet v. HydrocChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). There are four grounds upon which a motion to reconsider can be granted: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the

availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404 (E.D.La June 5, 2002). Furthermore, the Fifth Circuit has held that a court may only grant a motion for reconsideration on the basis of newly acquired evidence if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discivered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

Here, Defendant Pitts has failed to demonstrate how a manifest injustice will occur by the Court exercising personal jurisdiction over him. A motion for reconsideration should not be used to "re-litigate prior matters that . . . *simply have been resolved to the movant's dissatisfaction*." *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at 2 (E.D.La. Oct. 6, 2010)(emphasis added). The Court clearly demonstrated why it had proper personal jurisdiction over Defendant Pitts in its August 29, 2011 Order and Reasons. (Rec. Doc. No. 38). As the Court previously determined, the primary basis upon which it has personal jurisdiction over Defendant Pitts is because of Pitts' own actions, "Movant [Defendant Pitts] had the opportunity to limit his transactions

with Louisiana, but chose to interact with the state [Louisiana] by allegedly conspiring with the other Defendants to extort Respondent [Plaintiff] into withdrawing his complaint by virtue of the telephone call to ES&H officials as is presumed for the purposes of this Rule 12 motion." (Rec. Doc. No. 38 at 9). As such, Defendant Pitts' current motion for reconsideration appears to be an attempt to "re-litigate prior matters that . . . *simply have been resolved to the movant's dissatisfaction*." *Voisin*, 2010 WL 3943522, at 2.

New Orleans, Louisiana, this 28th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE