```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MARTIN SCHLESINGER                    *         CIVIL ACTION
                                      *
VERSUS                                *         NO. 11-294
                                      *
ES&H, INC., ET. AL.                   *         SECTION "B"(2)
```

## ORDER AND REASONS

Defendants ES&H, Inc.'s ("ES&H") and Team Labor Force, LLC's (TLF) opposed Motion for Partial Judgment on the Pleadings is **DENIED in PART and GRANTED in Part. (Rec.Docs. 44, 52 & 58)**

Cause of Action and Facts of the Case:

The facts of this case are well known to the Court. As such, this analysis will adopt and incorporate by reference the factual and procedural history as stated by this Court in its August 30, 2011 Order and Reasons (Rec. Doc. No. 40 at 2-5).

Law and Analysis

a. Motion for Summary Judgment:
Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence

would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).


b. General and Environmental Whistleblower Claims:

    Louisiana's General Whistleblower statute, La. R.S. § 23:967, requires that the violation of state law and the alleged assault upon which a plaintiff's claim is based must occur within Louisiana. Here, as this Court previously recognized, (Rec. Doc. No. 40 at 13), Plaintiff's amended complaint failed to sufficiently plead these facts, as Plaintiff alleges that the assault occurred in Mississippi. (Rec. Doc. No. 39 at 14). As such, Plaintiff's General Whistleblower claim against Defendants must fail.

Louisiana's Environmental Whistleblower statute, La. R.S. § 30:2027, requires a plaintiff to report possible violations of environmental law to his/her employer or to a regulatory agency. However, Plaintiff merely alleges that he reported an assault to his employer that was precipitated by his duty to implement OSHA directives, and not any environmental issues. (Rec. Doc. No. 39 at 15). Accordingly, this Court found that Plaintiff's amended complaint failed to state a claim under La. R.S. § 30:3027, and this immediate analysis will adopt and incorporate those reasons. (Id.).

c. *McCarn* Wrongful Termination Claim:

Under *McArn v. Allied Bruce-Terminex Co.*, 626 So.2d 603 (Miss. 1993), a plaintiff may only recover from a wrongful termination claim if he: (1) alleges he was terminated for refusal to participate in an illegal activity or for reporting an employer's illegal conduct to the employer or anyone else; (2) the conduct at issue is criminal; and (3) the allegedly illegal conduct relates to the employer's business itself. *McCarn*, 626 So.2d at 607; *see also* (Rec. Doc. No. 39 at 16).

This Court previously dismissed Plaintiff's *McCarn* claim against BP because the alleged assault was not plausibly related to BP's business and Plaintiff failed to allege BP encouraged the alleged assault. (Id. at 18). The alleged assault was not plausibly

related to instant moving Defendants' business, nor did Plaintiff allege that any Defendants encouraged the assault at issue.

d. Louisiana Wage Payment Act ("LWPA") claim:

To recover under the LWPA, plaintiff must: (1) show that wages were due and owing; (2) demand payment at the place where he was usually paid, and (3) show that the employer failed to pay upon demand. *Cleary v. LEC Unwired, LLC*, 804 So.2d 916, 923 (La. App. 1 Cir. 2001) (citation omitted).

This Court found that Defendants were sister companies, and, as such, were Plaintiff's employers at the time he was terminated. (Rec. Doc. No. 40 at 11). Therefore, while Plaintiff only made payment demand upon ES&H, because of the intertwined nature of these companies, that notice was proper as to both Defendants. Plaintiff alleged that wages were owing, he made payment demand upon ES&H, which simultaneously notified TFL of such demand, and he alleged that he was not fully compensated. Accordingly, moving Defendants' request for partial judgment on the pleadings for the LWPA claim is **DENIED**.

e. Civil Conspiracy and Extortion Claims:

In *Smith v. Atlas Off-shore Boat Service, Inc.*, 653 F.2d 1057, 1063 (5th Cir. 1981), the Fifth Circuit held that "[t]he employer should not be permitted to use his absolute discharge

right to retaliate against a seaman for seeking to recover what is due him or to intimidate the seaman from seeking legal redress. The right to discharge at will should not be allowed to bar the courthouse door."

Here, Defendants cite Louisiana law that states employers cannot be liable for allegedly conspiring to terminate an at-will employee, *Ingram v. Kaiser Aluminum & Chemical Corp.*, 323 So.2d 921 (La. App. 4 Cir. 1975).[1] Defendants' essentially argue that they did not harm Plaintiff, even if they were part of a civil conspiracy against Plaintiff, because he was an at-will employee. If Defendants committed civil conspiracy and extortion against Plaintiff, then that would be a violation of La. Civil Code 2315. As such, this would be one of the "limited circumstances," when an employer could be liable for terminating an at-will employee, as conceded by Defendants. (Rec. Doc. No. 44-1 at 8 n.4). Accordingly, Defendants' motion for partial judgment on the pleadings for the civil conspiracy and extortion claims is **DENIED**.

New Orleans, Louisiana, this 28th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Defendants do concede there are "limited circumstances in which an employer can be liable for terminating an at-will employee. Specifically, an employer cannot terminate an employee if doing so would violate statutory or constitutional provisions." (Rec. Doc. No. 44-1 at 8 n.4) (citations omitted).