UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARTIN SCHLESINGER

             Plaintiff,

vs.

E S & H, INC., TEAM LABOR FORCE, LLC,
O'BRIEN'S RESPONSE MANAGEMENT, INC.,
BP AMERICA, INC., AND RAYMOND PITTS,

             Defendants.

Civil Action No. 2:11-cv-00294

Section "H"
Judge Jane Triche Milazzo

Magistrate "2"
Joseph C. Wilkinson, Jr.

### DEFENDANT RAYMOND PITTS' REPLY MEMORANDUM IN SUPPORT OF HIS RULE 12(c) MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Defendant Raymond Pitts ("Defendant Pitts") hereby files this Reply Memorandum in Support of his Rule 12(c) Motion for Partial Judgment on the Pleadings, stating as follows:

**I.   BACKGROUND**

On December 6, 2011, Defendant Pitts filed his Rule 12(c) Motion for Partial Judgment on the Pleadings [Rec. Doc. 64] to demonstrate that there are no material facts in dispute and Defendant Pitts is entitled to judgment as a matter of law as to certain of Plaintiff Martin Schlesinger's ("Plaintiff") claims against Defendant Pitts. Specifically, Defendant Pitts sought dismissal of Plaintiff's claims for: (1) overtime wages under the Fair Labor Standards Act ("FLSA"); (2) wages, attorney's fees, and penalties under the Louisiana Wage Payment Act ("LWPA"); (3) retaliation in violation of the Louisiana General and Environmental Whistleblower Statutes and Mississippi common law; (4) civil conspiracy; (5) extortion; and (6) assault. On December 13, 2011, Plaintiff filed his Opposition to Defendant Pitts' Motion [Rec. Doc. 65], which primarily contains statements of counsel and references to conclusory allegations rather than factual arguments or authority demonstrating that Plaintiff has stated

1

viable claims against Defendant Pitts.  Additionally, the citations to Plaintiff's First Amended Complaint contained in Plaintiff's Opposition are inaccurate and misleading.  As with the conclusory statements contained in Plaintiff's First Amended Complaint, post hoc statements of counsel in Plaintiff's Opposition need not be accepted as true and, in fact, should be ignored.  *See In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("In deciding whether the complaint states a valid claim for relief, [the Court must] accept all <u>well-pleaded facts</u> as true and construe the complaint in the light most favorable to the plaintiff.") (emphasis added); *see also Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (finding courts are not to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions.")

## II. LAW AND ARGUMENT

### A. Plaintiff Cannot Maintain an FLSA Claim For Overtime Wages Against Defendant Pitts.

#### 1. Defendant Pitts has Not Misstated the "Economic Realities" Test as it Applies to this Matter.

Plaintiff accuses Defendant Pitts of failing to point out to the Court "that the Fifth Circuit has rejected [the four-part "economic realties" test] in analyzing <u>these types of cases</u>." [Rec. Doc. 65, at p. 5] (emphasis added).  In support of his position, Plaintiff cites *Reimonenq v. Foti*, 72 F.3d 472, 475 fn.3 (5th Cir. 1996).  However, footnote 3 of the Fifth Circuit's opinion in

2

*Reimonenq* contains no such conclusion.[1] Moreover, the "types of cases" to which the *Reimonenq* court refers are jailer-inmate cases. Indeed, the *Reimonenq* court stated, "[w]e find that the "economic reality" test, which is cast as a "control" question designed to identify the responsible employer in a free-world work environment, is unserviceable, and consequently inapplicable, <u>in the jailer-inmate context</u>." *Reimonenq*, 72 F.3d at 475 (emphasis added). In fact, Plaintiff fails to point out to the Court that the *Reimonenq* court stated that "[t]he economic reality factors, with their emphasis on control over the terms and structure of the employment relationship, are particularly appropriate where . . . it is clear <u>that some entity is an "employer" and the question is which one</u>." *Id*. (emphasis added). This is precisely the context here. Accordingly, Plaintiff's misleading cite to *Reimonenq* has no application to the case *sub judice*.

Next Plaintiff tries to convince the Court that the five-factor dependency test used to determine <u>employee status</u>, i.e. whether the individual is, as a matter of economic reality, a self-employed independent contractor, should be applied in this matter. However, the five-factor test previously applied by the Court is ill-suited for this case where there is no contention that Plaintiff is self-employed. Indeed, it is not disputed that Plaintiff was an employee of ES&H, Inc. ("ES&H") and/or Team Labor Force, LLC ("TLF"). The issue here is whether the remaining Defendants are also Plaintiff's employers for the purposes of his FLSA claim.

---

[1] In fact, footnote 3 of the *Reimonenq* opinion recognizes the Fifth Circuit's use of the four-factor test in *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990), another jailer-inmate case. In *Watson*, the Fifth Circuit applied the four-part economic realities test where plaintiffs, who were not sentenced for hard labor, were performing work for defendants who were private individuals and without supervision of the prison. *Watson*, 909 F.2d at 1551 and 1553. Notably, the *Reimonenq* court does not discuss the use of the four-factor test by the *Watson* court as to the private individuals. Indeed, the *Reimonenq* court only discusses the propriety of the use of the four-factor test in *Watson* as to the sheriff and warden, i.e. the jailers. The court in *Watson* stated it was required to apply the four-factor test to the sheriff and warden, but found that plaintiffs presented nothing more than "mere conclusory allegations and inferences are not sufficient to prove the required linkage" as to the sheriff and warden. *Watson*, 909 F.2d at 1556-1557. Accordingly, the *Watson* court did not undertake the question addressed by the *Reimonenq* court, which is whether the economic-realities factors, which emphasize control over the terms and structure of the employment relationship, are appropriate in the jailer-inmate context, where the jailer naturally exercises control over the inmate. *Reimonenq*, 72 F.3d at 475. This is the only point being made *Reimonenq* court in footnote 3. The *Reimonenq* court <u>does not</u> reject, and, as demonstrated, actually endorses the use of, the four-part test in the free-world employment context.

3

Therefore, the four-factor test urged by Defendant Pitts is the more appropriate test and the test the Fifth Circuit applies in cases such as this one. See *Williams v. Henagan*, 595 F.3d 610, 620, 621 fn. 17 (5th Cir. 2010) (applying the four-factor economic realities test where there is no allegation of independent contractor status, but noting that the Fifth Circuit has referenced different factors in different contexts.); *Reimonenq*, 72 F.3d at 475 ("The economic reality factors, with their emphasis on control over the terms and structure of the employment relationship, are particularly appropriate where . . . it is clear <u>that some entity is an "employer" and the question is which one</u>.") (emphasis added); *Martin v. Bedell*, 955 F.2d 1029, 1034 (5th Cir. 1992) (applying the four-factor economic-realities test where defendant did not contend that plaintiffs are independent contractors.); *Martin v. Spring Break 83 Production, LLC*, --- F.Supp.2d ----, 2011 WL 2531461 (E.D. La. 6/24/11) (concluding the five-factor dependency test is ill-suited to evaluate whether an employer/employee relationship exists where there is no allegation plaintiff is self-employed and the threshold question is merely whether other defendants also acted as employers of plaintiff). Plaintiff should not be allowed to piggy-back off of previously misapplied law in order to keep his FLSA claim against Defendant Pitts alive.

Accordingly, the Court should apply the four-factor test found in the aforementioned cases in determining whether Defendant Pitts is Plaintiff's employer for the purposes of the FLSA. When this test is applied, it is apparent that Defendant Pitts is not Plaintiff's employer.

### 2. Plaintiff Has Not Alleged Sufficient Facts to Find that Defendant Pitts is Plaintiff's Employer.

Plaintiff relies on statements of counsel to overcome the fact that his First Amended Complaint contains nothing more than unsupported, uncorroborated assertions regarding the

4

relationship of the Defendants that merely masquerade as factual allegations.[2] For instance, Plaintiff contends that he has properly alleged that Defendant Pitts (as an alleged employee of a separate company) had a supervisory role over ES&H and its employees, including Plaintiff. [Rec. Doc. 65, at pp. 5-6]. However, this statement of counsel does not accurately reflect the allegations contained in Plaintiff's First Amended Complaint. In support of this statement, Plaintiff cites to his First Amended Complaint [Rec. Doc. No. 14 at 8]. To the extent Plaintiff is pointing the Court to entire page 8 of his First Amended Complaint, the vague and conclusory allegations contained on that page do not equate to a well-pleaded factual allegation that Defendant Pitts <u>actually</u> supervised and controlled Plaintiff's work schedule or conditions of employment. Notably, Plaintiff could not point to a single paragraph containing a single factual allegation as to how Defendant Pitts supervised the extent and nature of Plaintiff's work.

Likewise, Plaintiff loosely refers to page 6 of Plaintiff's First Amended Complaint to support counsel's statement that "[Defendant] Pitts assigned daily job assignments, and controlled the number of hours Plaintiff spent on-site. . ." [Rec. Doc. 65, at p. 6]. However, page 6 of Plaintiff's First Amended Complaint does not contain <u>factual</u> allegations sufficient to support this statement. As explained in Defendant Pitts' Motion, the "Parties" Section of Plaintiff's First Amended Complaint is nothing more than Plaintiff's formulaic recitation of the elements of an employer determination as applied to each Defendant. Allegations that are not <u>factual</u> allegations should be ignored in deciding a Rule 12(c) Motion. *Ferrer*, 484 F.3d at, 780; *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Indeed, although Plaintiff frequently refers to a command structure, Plaintiff fails to factually establish how this

---

[2] In addition to statements of counsel offered to support Plaintiff's FLSA claim against Defendant Pitts, the "Factual and Procedural Background" of Plaintiff's Opposition contains numerous conclusory statements of counsel and statements not found in Plaintiff's First Amended Complaint. For instance, although alleged by counsel in Plaintiff's Opposition [Rec. Doc. 65, at p.2], Plaintiff's First Amended Complaint is silent as to any communications made with ES&H representatives who were located in Louisiana. *See* Rec. Doc. 14.

5

command structure worked. In fact, Plaintiff's vague, conclusory, and sometimes conflicting allegations place every single Defendant at the top of the command structure controlling one another, which essentially equates to no command structure at all.

Finally, Plaintiff does not address Defendant Pitts' argument that the actual factual allegations contained in Plaintiff's First Amended Complaint do not support a finding that Defendant Pitts is Plaintiff's employer for the purposes of the FLSA. Indeed, the factual allegations asserted by Plaintiff indicate that Occupational Safety and Health Administration ("OSHA") directed his work and ES&H was solely responsible for executing on any employment decisions relating to Plaintiff, including (1) whether to hire Plaintiff; (2) whether to terminate Plaintiff's employment; (3) assigning Plaintiff to a job site; (4) whether to transfer Plaintiff to TLF to perform "token, less profitable, (sic) work"; and (5) deciding when and where Plaintiff received his paycheck. [Rec. Doc. 14, at ¶¶ 10.A, 27, 41-42, 59-60, 62, 77]. For the reasons stated in Defendant Pitts' Memorandum in Support of his Rule 12(c) Motion and herein, Plaintiff cannot possibly recover from Defendant Pitts under the FLSA. Accordingly, Plaintiff's FLSA claim against Defendant Pitts should be dismissed with prejudice.

    **B.**    **Plaintiff's LWPA, Louisiana General and Environmental Whistleblower, and *McArn* Claims Against Defendant Pitts Should be Dismissed.**

In response to Defendant Pitts' Motion as to Plaintiff's LWPA, Louisiana General and Whistleblower, and *McArn* claims, Plaintiff acknowledges the Court has made rulings on these claims in this case and opposes Defendant Pitts' Motion on the same grounds he opposed the motions filed by other Defendants. To the extent Defendant Pitts raised additional arguments not raised by other Defendants, the Court should consider those arguments as uncontested. As to the arguments that Defendant Pitts raised that were equally raised by Defendant BP, Defendant Pitts incorporates the arguments made by Defendant BP in reply. [Rec. Doc. 34, at pp. 5-9].

Accordingly, for the reasons stated in Defendant Pitts' Rule 12(c) Motion [Rec. Doc. 64-1, at pp. 9-15] and BP's Reply Memorandum [Rec. Doc. 34, at pp. 5-9], Plaintiff's LWPA, Louisiana General and Whistleblower, and *McArn* claim should be dismissed with prejudice.

### C. Plaintiff's Civil Conspiracy and Extortion Claims Against Defendant Pitts Should Be Dismissed.

Plaintiff's arguments in opposition to the dismissal of his civil conspiracy and extortion claims are circular and an attempt to confuse the Court. Although Plaintiff repeatedly states that ES&H representatives performed an unlawful act when they allegedly told Plaintiff he would be rehired if he withdrew the affidavit he filed with the police, Plaintiff has not established which law was violated by ES&H representatives. Presumably, Plaintiff relies on his various whistleblower claims to support his civil conspiracy and extortion claims against Defendant Pitts.[3] However, because Defendant cannot establish that the termination of his employment by ES&H and/or TLF is unlawful under these theories, Plaintiff cannot establish a conspiracy or extortion claim against Defendant Pitts. Further, accepting Plaintiff's allegations as true, Plaintiff relies solely on lawful acts of Defendants to support his civil conspiracy and extortion claims. Because Plaintiff cannot establish that the termination of his employment meets one of the exceptions to the employment at-will doctrine or that he was a victim of duress, his civil conspiracy and extortion claims fail as a matter of law. Accordingly, Plaintiff's claims for conspiracy and extortion against Defendant Pitts should be dismissed with prejudice.

---

[3] Although Plaintiff discusses exceptions to the employment at-will doctrine in his Opposition, Plaintiff has not raised unlawful retaliation under Louisiana state law as a claim against any Defendant in this matter. Regardless, Plaintiff could not possibly prevail on such a claim because Louisiana does not recognize cause of action for wrongful termination in the absence of a constitutional or statutory protection. *See Johnson v. Acosta,* 2010 U.S. Dist. LEXIS 109032, *19 (E.D. La. October 12, 2010) ("Louisiana law is clear that an at-will employee has no cause of action for wrongful termination in the absence of a constitutional or statutory protection"); *Wallace v. Shreve Mem. Library,* 79 F.3d 427, 429 (La. App. 5th Cir. 1996) (provided that the termination does not violate any statutory or constitutional provisions, employers will not be held liable for termination under Louisiana law).

1685736.1/011555.000001

## III.  CONCLUSION

WHEREFORE, Defendant Pitts respectfully requests that the Court grant his Rule 12(c) Motion for Partial Judgment on the Pleadings and enter judgment in favor of Defendant Pitts as to Plaintiffs' claims for FLSA, LWPA, whistleblower, wrongful termination, civil conspiracy, and extortion.

        Respectfully submitted,

        /s/Christopher E. Moore
        Christopher E. Moore, Esq., La. Bar No. 26430
        cmoore@coatsrose.com
        Erin R. Wedge, Esq., La. Bar No. 31560
        ewedge@coatsrose.com
        Coats | Rose
        365 Canal Street, Suite 800
        New Orleans, Louisiana  70130
        Telephone:  (504)  299-3070
        Facsimile:  (504) 299-3071

        Attorneys for Defendant Raymond Pitts

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served on the following counsel of record via the Court's Electronic Filing/Notification System:

| | |
|---|---|
| Jody Forester Jackson, Esq.<br>jjackson@jackson-law.net<br>Mary Bubbett Jackson, Esq.<br>mjackson@jackson-law.net<br>J. Forester Jackson, LLC.<br>201 St. Charles Avenue, Suite 2500<br>New Orleans, LA 70170 | James T. Rogers, III, Esq.<br>rogersjt@arlaw.com<br>Elizabeth A. Roussel, Esq.<br>Elizabeth.roussel@arlaw.com<br>Adams & Reese, LLP<br>One Shell Square<br>701 Poydras Street, Suite 4500<br>New Orleans, LA 70139 |
| Keith M. Pyburn, Esq.<br>kpyburn@laborlawyers.com<br>Timothy H. Scott, Esq.<br>tscott@laborlawyers.com<br>Michele I. Anderson, Esq.<br>manderson@laborlawyers.com<br>Fisher & Phillips, LLP<br>201 St. Charles Avenue, Suite 3710<br>New Orleans, LA 70170 | Anne Hoskins Elam, Esq.<br>Jackson Lewis, LLP<br>650 Poydras St., Suite 1900<br>New Orleans, LA 70130<br>Anne.Elam@JacksonLewis.com |
| Kindall C. James, Esq.<br>kjames@liskow.com<br>Thomas J. McGoey, II, Esq.<br>tjmcgoey@liskow.com<br>Liskow & Lewis<br>One Shell Square<br>701 Poydras St., Suite 5000<br>New Orleans, LA 70139-5099 | |

This 20th day of December, 2011.

/s/Christopher E. Moore

1685736.1/011555.000001