UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARTIN SCHLESINGER** ) | **CIVIL ACTION NO.: 2:11-cv-00294** |
| ) | |
| **Plaintiff,** ) | **JUDGE: JANE TRICHE MILAZZO** |
| ) | |
| vs. ) | |
| ) | **MAGISTRATE:** |
| **E S & H, INC., TEAM LABOR FORCE,** ) | **JOSEPH C. WILKINSON, JR.** |
| **LLC, O'BRIEN'S RESPONSE** ) | |
| **MANAGEMENT, INC., BP AMERICA,** ) | |
| **INC., AND RAYMOND PITTS,** ) | |
| ) | |
| **Defendants** ) | |

### SURREPLY IN OPPOSITION TO O'BRIEN'S MOTION TO DISMISS

NOW INTO COURT comes Plaintiff, Martin Schlesinger, who submits the following surreply in support in further opposition to Defendant O'Brien's Motion to Dismiss his FLSA claims.

### LAW AND ARGUMENT

Defendant O'Brien's asserts that, the law notwithstanding, Plaintiff's claims pursuant to the FLSA against it should be dismissed. O'Brien's, and indeed all defendants, seem to think that the dismissal of Plaintiff's claims for payment and penalties under the FLSA will somehow absolve them all of the joint liability they all bear to Plaintiff under the FLSA for attorneys fees, while refusing to acknowledge the basic fact that Plaintiff's claim for reasonable attorneys fees arises out of the FLSA. It is a part of that claim. And, until that issue is settled, Plaintiff's FLSA claim is not satisfied, moot or otherwise beyond litigation. Defendant O'Brien's unprofessional and cheap shots at undersigned counsel notwithstanding, this matter is not about making Plaintiff's attorneys whole. It is about holding the Defendants to their obligations under

the law.  Those obligations include the payment of reasonable attorneys fees if a plaintiff must file an FLSA claim.

Defendant O'Brien's appears to question whether the law of this Circuit awards a plaintiff reasonable attorneys fees on FLSA claims.  It is without question that the courts within this circuit do indeed follow the law and allow for an award of reasonable attorneys fees in FLSA claims.  *See e.g., Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th 1974); *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 263, 267 (5th Cir. 1998); *Diaz v. Robert Ruiz, Inc.,* 808 F.2d 427, 429 (5th Cir, 1987); *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 389 (5th Cir. 2002); *Johnson v. Biglots Stores, Inc.* 639 F. Supp 696, 700 (E.D. La. 6/25/09).  Thus, O'Brien's suggestion that this Court should dismiss it from this action because the defendants ES&H and TLF have issued payment of unpaid wages and penalties, but without awarding reasonable attorneys fees Plaintiff, runs directly counter to the stated purpose of the FLSA and prevailing FLSA law in this circuit.

Moreover, should this Court adopt the posture O'Brien's suggests: dismissing Plaintiff's FLSA claims and holding open the issue of attorney fees, then Schlesinger would find himself in the procedural loophole set forth in the *Dionne* decision: he would be a plaintiff who had not obtained judgment in his favor or settlement and who could not be considered a "prevailing party" under that statute.  The proper course of action is for this Court to deny O'Brien's motion to dismiss Plaintiff's FLSA claims, allow Plaintiff to file his motion to set the amount of reasonable attorneys fees owed to him under the FLSA and then proceed with that hearing.

Plaintiff's claim for attorneys fees due to his having to file an FLSA claim is part of his FLSA claim, thus, his claims arising pursuant to the FLSA may in no way be considered "moot." And, Plaintiff's claim for attorneys fees for having to file an FLSA claim are increasing due to his having to defend against all of the defendants' baseless motions to dismiss said claims without paying attorneys fees. ES&H and TLF tendered some portion of what they believe they owe to Plaintiff on March 8 and immediately filed their motion to dismiss, based upon an inaccurate reading of *Dionne*, seeking to preclude Plaintiff from recovering attorneys fees. Defendant BP followed suit, filing a motion to dismiss based upon the same rationale. O'Brien's has filed the same motion to dismiss, based on the same faulty and inaccurate analysis of the law. And, defendant Pitts has filed a supplemental memorandum in support of his motion to dismiss. Until this matter and any others that may relate to Plaintiff's FLSA claims are resolved, Plaintiff cannot know for certainty what amount of attorneys fees the defendants owe to him under the FLSA; therefore, a motion requesting that these fees be set is premature.

## **CONCLUSION**

O'Brien's initial Motion to Dismiss Plaintiff's FLSA claims was based upon a false statement of the law in an effort to get out of this litigation without paying statutorily-mandated attorneys fees under the FLSA. Now, O'Brien's simply chooses to ignore the law and again urges this Court to dismiss Plaintiff's claims on baseless grounds. O'Brien's motion to dismiss plaintiff's FLSA claims should be denied.

        Respectfully Submitted,

/s/____*Mary Bubbett Jackson*____
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F: (888) 988-6499
E: jjackson@jackson-law.net
   mjackson@jackson-law.net
Attorneys for Plaintiff
Martin Schlesinger

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all counsel of record via the Court's CM/ECF filing system on the 10th day of April, 2012.

/s/ *Mary Bubbett Jackson*